# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLINTON L. MOORMAN, JR.,**

      **Plaintiff,**

**-vs-**                                      **Case No. 6:07-cv-805-Orl-19DAB**

**MUHLENBERG HOSPITAL,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**     May 14, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff seeks to proceed in this action[1] *in forma pauperis*. In order to proceed this way, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Plaintiff's complaint is unclear as to the federal basis of relief sought and the legal bases for seeking relief. Plaintiff lists "invasion of privacy, attempted murder, conspiracy – criminal purpose between agent and principal, and fleecing of patentable and copyrightable intellectual property" as

---

[1] Plaintiff filed three other lawsuits along with this one. *See* Docket numbers 07cv804 through 07cv807. The complaint in the other actions are similar to the one filed herein, though naming different defendants in each case.

his claims. Doc. No. 1. Plaintiff's one-paragraph Complaint does not describe any facts whatsoever, aside from the paragraph of claims listed above against the Defendant hospital in Plainfield, New Jersey. Based simply on the claims listed, Plaintiff plans to allege a state claim for "invasion of privacy" and his remedy must lie for any such tort claim with the state courts which have general jurisdiction to hear tort cases.[2] As to Plaintiff's claims for attempted murder and conspiracy – criminal purpose between agent and principal – such charges must be brought by the local prosecutor; there is no federal statute which would allow a private citizen to bring such charges. It is obvious that these claims by Plaintiff could not invoke any federal statute.

Plaintiff also lists claims for "fleecing of patentable and copyrightable intellectual property." Depending on the facts supporting the allegation, Plaintiff may state a claim for relief, but as the Complaint currently lacks any factual discussion whatsoever, the Complaint must be dismissed.[3]

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to file an amended complaint setting forth some claim within the limited jurisdiction of this Court. Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation. **Accordingly, it is respectfully RECOMMENDED that Plaintiff's case be DISMISSED without further notice if he fails to file an amended complaint in compliance with**

---

[2] There is no indication that plaintiff is attempting to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, and he has not provided any indication of the amount in controversy.

[3] Plaintiff also fails to provide any basis for this Court's exercise of jurisdiction over what is apparently a New Jersey based hospital.

**these guidelines within 11 days from the date of any Order adopting or affirming this Report and Recommendation**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 15, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Plaintiff Clinton L. Moorman
Courtroom Deputy